UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 08-CR-153 (CKK) |
| | : | |
| v. | : | |
| | : | |
| RONALD G. PAYTON, | : | VIOLATION: |
| Defendant. | : | 18 U.S.C. § 1001 |
| | : | (Making a False Statement) |

**FILED**

JUN 1 0 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## STATEMENT OF OFFENSE

Pursuant to Federal Rule of Criminal Procedure 11, defendant **RONALD G. PAYTON** ("**PAYTON**") and the United States agree and stipulate as follows:

1. At all times relevant to this case, defendant **PAYTON** was employed by U.S. Investigations Services, Inc. ("USIS") as an investigator under contract to conduct background investigations on behalf of the United States Office of Personnel Management ("OPM"), an agency within the executive branch of the federal government located in Washington, D.C.

2. OPM's Federal Investigative Services Division ("FISD"), formerly known as the Center for Federal Investigative Services, was responsible for conducting background investigations for numerous federal agencies and their contractors. OPM-FISD had an investigator workforce comprised of federal agents employed by OPM-FISD and investigators employed by various companies, such as USIS, under contract with OPM-FISD to conduct background investigations. OPM-FISD conducted background investigations of individuals who were either employed by or seeking employment with federal agencies or government contractors. The purpose of the background investigations was to determine individuals' suitability for positions having access to classified information, for positions impacting national security, and for receiving or retaining security clearances.

3. In conducting these background investigations, contract investigators would conduct interviews of individuals who had information about the person who was the subject of the background investigation. In addition, contract investigators would seek out, obtain, and review documentary evidence, such as employment records, to verify and corroborate information provided by either the subject of the background investigation or by persons interviewed during the investigation. After conducting interviews and obtaining documentary evidence, contract investigators would prepare a Report of Investigation ("ROI"), containing the results of the interviews and records reviews, and would electronically submit the ROI to OPM in Washington, D.C. OPM would then provide a copy of the investigative file to the requesting agency and maintain a copy in its records system.

4. The ROI containing the results of the interviews and records reviews conducted during a background investigation was utilized and relied upon by the agency requesting the background investigation to determine whether the subject of the investigation was suitable for a position having access to classified information, for a position impacting national security, or for receiving or retaining security clearance.

5. On or about February 14, 2008, in a ROI of a background investigation of B.D., defendant **PAYTON** stated the following:

    a. that he had interviewed S.K. about B.D., when in truth and in fact, defendant **PAYTON** had not interviewed S.K. about B.D.;

    b. that he had interviewed D.M. about B.D., when in truth and in fact, defendant **PAYTON** had not interviewed D.M. about B.D.; and

    c. that he had interviewed D.S. about B.D., when in truth and in fact, defendant **PAYTON** had not interviewed D.S. about B.D.

      d.      that he had interviewed F.K. about B.D., when in truth and in fact, defendant **PAYTON** had not interviewed F.K. about B.D.

      6.      On or about February 14, 2008, defendant **PAYTON** electronically submitted to OPM in Washington, D.C., his ROI on the background investigation of B.D., which contained the above-mentioned false statements. These false statements were material, as they influenced the government's decisions and activities with respect to B.D.

      7.      In or about April 2008, defendant **PAYTON** began calling S.K. and leaving lengthy voice-mail messages asking her to state falsely that she had been interviewed by him regarding B.D., when in truth and in fact, defendant **PAYTON** had not interviewed S.K. about B.D.

      8.      Between October 2007 and February 2008, in at least six ROI's on background investigations, defendant **PAYTON** stated that he had interviewed a source regarding the subject of the background investigation when, in truth and in fact, he had not conducted the interview. These false statements were material, as they influenced the government's decisions and activities with respect to the subjects of those background investigations.

      9.      Beginning in or about July 2007, on at least five occasions, in his ROI's on background investigations, defendant **PAYTON** stated that he had reviewed records obtained by him when, in truth and in fact, defendant **PAYTON** had not obtained those records. These false statements were material, as they influenced the government's decisions and activities with respect to the subjects of those background investigations.

      10.      In his ROI's on background investigations, defendant **PAYTON** also fabricated answers to questions that he had forgotten to ask in interviews that he had actually conducted. These false statements were material, as they influenced the government's decisions and

activities with respect to the subjects of those background investigations.

11.  Defendant **PAYTON**'s false statements in his ROI's on background investigations have required OPM-FISD to reopen and rework numerous background investigations that were assigned to defendant **PAYTON** during the time period of his falsifications, at an estimated cost of at least $10,000 to the United States government.

JEFFREY A. TAYLOR
United States Attorney for
the District of Columbia

By: *Ellen Chubin Epstein*
ELLEN CHUBIN EPSTEIN, DC #442861
THOMAS E. ZENO
Assistant United States Attorneys
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-9832
Ellen.Chubin@usdoj.gov

## DEFENDANT'S ACCEPTANCE

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charge against me. It does not include all of the facts known to me regarding this offense. I make this statement knowingly and voluntarily and because I am, in fact, guilty of the crime charged.

I have read every word of this Statement of Offense. Pursuant to Fed. R. Cr. P. 11, after consulting with my attorney, I agree and stipulate to this Statement of Offense, and declare under penalty of perjury that it is true and correct.

Date: 6/10/08

RONALD G. PAYTON
Defendant

I have discussed this Statement of Offense with my client, Mr. Payton. I concur with his decision to stipulate to this Statement of Offense.

Date: 6/10/08

PATRICK J. DEVINE, ESQ.
Attorney for the Defendant