UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : |
| | :    Criminal No. 08-153 (CKK) |
| | : |
| v. | : |
| | : |
| **RONALD G. PAYTON,** | : |
| | : |
| **Defendant** | : |

### GOVERNMENT'S NOTICE SUPPORTING THE RULE 11(c)(1)(C) PLEA

The United States Attorney, by and through its attorney, the United States Attorney for the District of Columbia respectfully submits this Notice Supporting the Rule 11(c)(1)(C) plea.

Although the Court has "absolute discretion" to accept pleas pursuant to Fed. R. Crim. Pro. 11(c)(1)(C) under the decision in <u>United States v. Goodall</u>, 236 F.3d 700 (D.C. Cir. 2001) (citation and emphasis omitted), the government submits that the Court also is justified in accepting the plea of guilty in this case because it satisfies Guideline §6B1.2(c)(1).[1] The government predicts that the guideline range for Count One of the Information, to which defendant will plead guilty, will be 0 to 6 months. Because the plea agreement will cap the maximum sentence at probation under the terms of Fed. R. Crim. P. 11(c)(1)(C), the plea

---

[1] Guideline § 6B1.2(c) provides:

(c) In the case of a plea agreement that includes a specific sentence [Rule 11(c)(1)(C)], the court may accept the agreement if the court is satisfied either that:

(1) the agreed sentence is within the applicable guideline range; or

(2) the agreed sentence departs from the applicable guideline range for justifiable reasons.

agreement is justified because "the agreed sentence is within the applicable guideline range." § 6B1.2(c)(1).

In this case, the plea agreement requires that no fine be imposed. This provision of the plea agreement is justified because defendant is only 24 years old, has no criminal record, and has few resources. Thus, under Guideline § 5E1.2(a),[2] the Court would not be required to impose a fine. Furthermore, under the terms of this plea agreement, defendant admits that the amount of the loss is in excess of $5,000, and that defendant should pay $10,000 to the United States as restitution. The $10,000 amount approximates the cost of a limited recovery effort by the United States Office of Personnel Management and, thus, is a fair amount of restitution. This amount also reflects the seriousness of defendant's conduct. No fine is necessary under these circumstances.

Respectfully submitted,
Jeffrey A. Taylor
United States Attorney

_____/s/_____
Ellen Chubin Epstein, DC Bar 442861
Thomas E. Zeno, DC Bar 348623
Assistant United States Attorneys
Fraud & Public Corruption Section
555 Fourth Street, N.W., 5th Floor
Washington, DC 20530
(202) 514-9832
Ellen.Chubin@usdoj.gov
(202) 514-6957
Thomas.Zeno@usdoj.gov

---

[2] Guideline § 5E1.2(a) provides:

(a) The court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine.